UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER JACOME,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DIMITRIS VLAHAKIS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv10-GPC-MDD<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ORDER COMPELLING ACCESS TO THE LAW LIBRARY**<br><br>**[ECF No. 64]** |

On August 22, 2019, Plaintiff sent a letter to the Court entitled "motion to proceed to excessive force." ECF Nos. 63, 64. In the letter, Plaintiff made two requests: (1) for the Court to permit Plaintiff to proceed on his excessive force claim and (2) for the Court to order that Plaintiff have immediate access to the library. ECF No. 64. This Court's order on September 9, 2019 addressed Plaintiff's first request. ECF No. 65. Addressing Plaintiff's second request, which this Court treats as a request for injunctive relief, the Court **DENIES** now Plaintiff's request for an order compelling his immediate access to the law library.

As a threshold matter, this Court does not clearly have jurisdiction over Plaintiff's request. The Federal Rules of Civil Procedure provide that an injunction is only enforceable against a person who receives actual notice of it. Fed. R. Civ. P. 65(d)(2).

That is because a Court cannot adjudicate the rights of persons not properly before it. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) (noting that a "court may issue an injunction if it has personal jurisdiction over the parties" but cannot "attempt to determine the rights of persons not before the court").

Here, Plaintiff asks that the Court issue an injunction against the law library and, presumably, the institution which operates it. Because Plaintiff has not made the law library a party to this action, nor otherwise established jurisdiction over it, Plaintiff's request is not actionable. *See Saleh v. Titan Corp.*, 353 F. Supp. 2d 1087, 1091-92 (S.D. Cal. 2004) (concluding the court lacked jurisdiction over non-parties to the action).

Also, a court may only issue an injunction where there is a "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Assuming *arguendo* that Plaintiff's forthcoming Fifth Amended Complaint is factually similar to the Fourth Amended Complaint, none of Plaintiff's underlying allegations pertain to his use of the law library. *See* ECF No. 54 at 5-9.

Briefly, the Court also notes that Plaintiff's request of injunctive relief would fail on the merits. A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of succeeding on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). In a suit pertaining to a prisoner's access to the law library, a successful claim requires a showing of "actual injury," such as the inability "to file a complaint." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *accord Taylor v. Salinas Valley State Prison*, 246 F. App'x 417, 418 (9th Cir. 2007); *Grimes v. Small*, 34 F. App'x 279, 280 (9th Cir. 2002). *Taylor v. Block*, 221 F.3d 1349, 1349 (9th Cir. 2000).

Here, Plaintiff's claim fails on this ground alone. Plaintiff states that a "[d]enial of access to the law library is a violation of [his] civil rights" and that the alleged attempts to deny him access are "retaliation" for his current lawsuit. *See* ECF No. 63 at 1-2.

Generalized allegations such as these do not meet the requirements of *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In addition, to the degree that Plaintiff contends he was unable to respond to Defendant's motion to dismiss, *see* ECF No. 54, because of limited access to the law library, Plaintiff was not injured because the Court's order on September 9, 2019 permits Plaintiff to re-file an amended complaint. *See* ECF 65 at 12-13.

Accordingly, Plaintiff's request for an order compelling immediate access to the law library is **DENIED** as (1) this Court lacks jurisdiction to address Plaintiff's claim; (2) Plaintiff's claim is unrelated to the complaint's allegations; and (3) Plaintiff does not allege any actual injury.

**IT IS SO ORDERED.**

Dated: September 19, 2019

Hon. Gonzalo P. Curiel
United States District Judge