1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10
11    ALEXANDER JACOME,                    Case No.:  3:18-cv-0010-GPC-MDD
12                            Plaintiff,
                                           **ORDER DENYING MOTION TO**
13    v.                                   **DISMISS AND ISSUING ORDER TO**
                                           **SHOW CAUSE.**
14    DIMITRIS VLAHAKIS, et. al,
15                                          **[ECF No. 73]**
                            Defendants.
16

17        Before the Court is Defendants Ryan Smith, Kyle McGarvey, Mathew Seitz, James
18    Parent, Habib Choufani, Joshua Linthicum, and Joseph Pirri's motion to dismiss Plaintiff
19    Alexander Jacome's Fourth Amended Complaint ("FAC") for lack of prosecution
20    pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 73.)
21        For the following reasons, the Court **DENIES** the motion. Plaintiff is **ORDERED**
22    **TO SHOW CAUSE** in writing, on or before **November 4, 2020**, why this matter should
23    not be dismissed for failure to prosecute.
24    **I.    Background**
25        Defendant's motion challenges Plaintiff's failure to prosecute his Complaint during
26    the discovery process. As such, the Court first summarizes Plaintiff's allegations and the
27    relevant procedural history to contextualize Defendants' motion.
28    / / /

                                           1

1

**A. Plaintiff's Fourth Amended Complaint**

2    Plaintiff alleges that, on or about January 13, 2016, San Diego County Sheriff

3    Deputy Dimitris Vlahakis responded to a call for an incident in Imperial Beach involving

4    Plaintiff. (ECF No. 52 at ¶ 13.) Deputy Vlahakis arrived on the scene and told Plaintiff to

5    get on the ground. (*Id.* at ¶ 12.) After Plaintiff told Deputy Vlahakis that he had a broken

6    arm and would therefore be slow getting to the ground due to the pain, Deputy Vlahakis

7    pointed his taser at Plaintiff and proceeded to tase him. (*Id.* at ¶¶ 15, 16.) Plaintiff alleges

8    that he felt an "adverse effect[]" due to the intensity of the voltage and removed the taser

9    cord. (*Id.* at ¶ 17.) Deputy Vlahakis then tased him again. (*Id.* at ¶ 18.) Thereafter, Deputy

10   Vlahakis handcuffed Plaintiff while Plaintiff again told Deputy Vlahakis that he had a

11   broken arm and was in "a lot of pain." (*Id.* at ¶ 20.)

12   Deputy Vlahakis next took Plaintiff to Scripps Hospital to receive treatment for his

13   taser wounds and a tetanus shot. (*Id.* at ¶ 23.) When Plaintiff asked the doctor to look at

14   his arm, however, Deputy Vlahakis did not permit the needed treatment. (*Id.* at ¶ 24.)

15   Deputy Vlahakis finally booked Plaintiff into San Diego Central Jail, with Plaintiff still in

16   "excruciating pain" from his broken wrist. (*Id.* at ¶¶ 25–26.)

17   Upon arriving at the jail, Plaintiff was allegedly placed in the custody of multiple

18   deputies—Ryan Smith, Kyle McGarvey, Mathew Seitz, James Parent, Habib Choufani,

19   Joshua Linthicum, and Joseph Pirri. (*Id.* at ¶ 27.) Each individual Deputy Defendant is

20   alleged to have been responsible for overseeing the management, care, and treatment of

21   inmates, like Plaintiff, during the time that Plaintiff was at the jail. (*Id.* at ¶¶ 5–11.)

22   Plaintiff claims that he needed urgent medical care for his fractured wrist while in

23   custody. (*Id.* at ¶¶ 26–33.) Plaintiff communicated to each Deputy Defendant of his "need

24   for urgent medical care for his left fractured wrist." (*Id.*) Although each of the Deputy

25   Defendants were informed about Plaintiff's medical needs, each apparently "refused to

26   remedy or assist at all." (*Id.*)

27   Plaintiff also communicated to each Deputy Defendant that there was a "toilet that

28   did not work and [which] was flooded with aged fecal matter and urine" in his cell. (*Id.*)

18-CV-0010

1    Each Deputy Defendant shunned Plaintiff and "did nothing to help" when Plaintiff asked

2    for assistance. (*Id.*) Additionally, because of conditions of the toilets and, more generally,

3    the holding cells, Plaintiff was allegedly exposed to human waste throughout his time in

4    custody in jail. (*Id.* at ¶¶ 27–33, 36–37.)

5    **B. Procedural History**

6    **i. Disputes over Plaintiff's Pleadings**

7    Plaintiff initially brought this civil rights action *pro se* against Defendants Dimitris

8    Vlahakis and several San Diego County Deputies on January 1, 2018. (ECF No. 1.)  After

9    several dismissals without prejudice, Plaintiff filed his Fourth Amended Complaint

10    ("FAC") on March 15, 2019. (ECF No. 52.)

11    Defendants H. Choufani, J. Linthicum, K. McGarvey, J. Parent, J. Piri, M. Seitz, R.

12    Smith, and Dimitris Vlahakis filed a motion to dismiss the FAC on March 25, 2019.

13    (ECF No. 54.) The Court denied the motion as to the FAC's conditions of confinement

14    claim and deliberate indifference claim on September 9, 2019. (ECF No. 65.) Because the

15    Court had previously denied motions to dismiss Plaintiff's excessive force claim, (ECF

16    Nos. 40, 47), the Court granted Plaintiff leave to amend the FAC to include his

17    previously-alleged excessive force claim against Deputy Vlahakis by October 31, 2019.

18    (ECF No. 65 at 12.)  Seeing no further pleadings filed from the Plaintiff, Defendant filed

19    an Answer to the FAC on November 14, 2019. (ECF No. 69.)

20    **ii. Discovery Process**

21    Magistrate Judge Dembin entered a Scheduling Order on December 19, 2019.

22    (ECF No. 71.) The next day, Defendants sent Defendant Ryan Smith's Interrogatories

23    and Requests for Production to Plaintiff at his then-current address, the George Bailey

24    Detention Facility ("GBDF"). (ECF No. 73-2, Ex. B, at 14–15.) On January 29, 2019,

25    after receiving no response, Defendants re-sent the discovery to Plaintiff's previously

26    registered address. (ECF No. 73-3, Ex. C, at 16–17.) Defendants then received a letter

27    from Plaintiff that same day explaining that:

28

18-CV-0010

1
2
3
4

> I am Plaintiff, ALEXANDER JACOME, in the action 18-CV-0010-MDD-GPC, and I am asking if you can spare another copy of the previous (sic) sent "interrogatories" so I can submit/respond to them as I am in custody and have lost them in a custody shakedown. Please send as soon as possible so I can be compliant. Thank you.

5
6
7

(ECF No. 73-2, Ex. D, at 18–19.) Following the letter, Defendants re-sent the discovery on January 31, 2020 and requested that Plaintiff reply on or before March 4, 2020 to the discovery requests. (ECF No. 73-2, Ex. E, at 20–23.)

8
9
10
11
12
13
14

On March 6, 2020, Defendants deposed Plaintiff at GBDF. (ECF No. 73-2, Ex. A, at 3–13.) After conferring, Defendants' counsel gave Plaintiff until April 15, 2020 to respond to his client's interrogatories. (*Id.* at 10.) Plaintiff agreed, stating that he was being released from jail on or around March 11, 2020. (*Id.* at 8, 10.) Later that day, Defendants also received Plaintiff's responses to their requests for production of documents. (ECF No. 73-2, Ex. F, at 24–27.) Defendant asserted that he was unable to provide any of the requested document because he lacked access to the law library. (*Id.*)

15
16
17
18
19
20
21
22
23
24
25

Plaintiff did not notify the Court or Defendants of any change to his address after March 11, 2020. On May 1, 2020, Defendants sent Plaintiff a letter addressed to his GBDF address and to the prior registered address on Wystone Drive. (ECF No. 73-2, Ex. G, at 28–32.) Then, on May 4, 2020, Defendants Ryan Smith, Kyle McGarvey, Mathew Seitz, James Parent, Habib Choufani, Joshua Linthicum, and Joseph Pirri served their expert disclosures on Plaintiff at the GBDF and Wystone Drive addresses. (ECF No. 73-2, Ex. H, at 33–34.) Both the May 1, 2020 and May 4, 2020 envelopes were returned to sender, with the GBDF letter specifically indicating Plaintiff was "not in jail." (ECF No. 73-2, Exs. I, J, at 35–38.) The other returned letter included a forwarding address located on Encinas Drive, and thus Defendants re-sent the expert disclosures and a copy of the May 1, 2020 letter to that address on May 22, 2020. (ECF No. 73-2, Ex. K, at 39–40.)

26

### iii.  The Instant Motion

27
28

On June 22, 2020, Defendants Ryan Smith, Kyle McGarvey, Matthew Seitz, James Parent, Habib Choufani, Joseph Pirri and Joshua Linthicum filed a motion to dismiss the

18-CV-0010

1   FAC for lack of prosecution or, alternatively, request for an order to show cause hearing.

2   (ECF No. 73). Defendants mailed the motion to Plaintiff at his GBDF, Wystone Drive,

3   and Encinas Drive addresses. (ECF No. 73-3 at 1.) Plaintiff has not filed a response.

4   Defendants have not filed any reply.

5   **II.     Legal Standard**

6          Federal Rule of Civil Procedure ("Rule") 41(b) states that "[i]f the plaintiff fails to

7   prosecute or to comply with these rules or a court order, a defendant may move to

8   dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Ninth Circuit has

9   recognized a district court's authority to dismiss for lack of prosecution. *See Al-Torki v.*

10  *Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996).

11         When considering whether to dismiss a case for lack of prosecution, the Court

12  weighs five factors: (1) the public's interest in expeditious resolution of litigation; (2) the

13  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

14  public policy favoring disposition of cases on their merits; and (5) the availability of less

15  drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting

16  *Henderson*, 779 F.2d at 1423); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

17         Dismissal "is a harsh penalty and is to be imposed only in extreme circumstances."

18  *Henderson v. Dunca*n, 779 F.2d 1421, 1423 (9th Cir. 1986) (citations omitted).

19  Consequently, dismissals are affirmed only "where at least four factors support dismissal,

20  . . . or where at least three factors 'strongly' support dismissal." *Yourish v. California*

21  *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138

22  F.3d 393, 399 (9th Cir. 1998)). A dismissal under Rule 41(b), other than for lack of

23  jurisdiction, improper venue, or failure to join a party, operates as an adjudication on the

24  merits. Fed. R. Civ. P. 41(b).

25  **III.    Analysis**

26         Defendant argues that the first three *Henderson* factors strongly support dismissal:

27  (1) the public's interest in expeditious resolution of litigation, (2) judicial economy, and

28  (3) prejudice to the Defendants. (ECF No. 73-1 at 5–7.) Defendant further argues that,

1  given these factors, Plaintiff has effectively waived any interest in disposing of this case

2  on its merits. (*Id.* at 7–8.) Consequently, the Court should dismiss for failure to prosecute.

3  Defendants also contend that the action should be dismissed for Plaintiff's failure to

4  update his address under Civil Local Rule 83.11(b) and that, at a minimum, the Court

5  should issue an order to show cause. (*Id.* at 8–10.)

6      For the following reasons, the Court **DENIES** the motion to dismiss for failure to

7  prosecute and for violating Civil Local Rule 83.11(b). Instead, the Court **ISSUES AN**

8  **ORDER TO CAUSE** for why this action should not be dismissed to be heard on

9  December 4, 2020.

10      **A. Lack of Prosecution and Order to Show Cause.**

11      As a threshold matter, the Court finds that there is a strong public interest in

12  resolving this action on the merits. Unlike many *pro se* complainants, Plaintiff

13  successfully litigated his allegations past the pleading stage, including through the filing

14  and defense of his Fourth Amended Complaint. (ECF Nos. 52, 65.) As a result, Plaintiff

15  has successfully alleged that Defendants were deliberately indifferent in incarcerating

16  him without providing adequate medical attention as he suffered from a severe injury.

17  (ECF No. 52 at ¶¶ 12–26.) That indifference, moreover, followed a fellow deputy's

18  decisions to use a taser on Plaintiff and then intervene in the medical care provided to

19  him at Scripps Hospital after his arrest. (*Id.*) Plaintiff, moreover, alleges inappropriate

20  conditions of confinement, including that he was exposed to human waste throughout his

21  time in custody. (*Id.* at ¶¶ 27–33, 36–37.)

22      The public has an especially strong interest in ascertaining the veracity of any

23  alleged misconduct by the very public servants entrusted to care for it. The first

24  *Henderson* factor is thus "particularly important in civil rights cases" such as this.

25  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *see also Eldridge v.*

26  *Block*, 832 F.2d 1132, 1137 (9th Cir.1987) (reversing for abuse of discretion a Rule 41(b)

27  dismissal of pro se litigant's § 1983 action for failure to comply with court order);

28  *Chaker v. Adams*, No. 10-CV-2599-GPC, 2015 WL 410570, at *1 (S.D. Cal. Jan. 29,

18-CV-0010

1    2015) (same). Hence, Defendants' reference to *In Re PPA* for the proposition this factor

2    provides "little support" against Defendants' motions is inapposite under these

3    circumstances. *Cf. In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217,

4    1238 (9th Cir. 2006) (affirming a dismissal where plaintiffs failed to respond to discovery

5    obligations and thus stalled their MDL actions from one to three years).

6          The Court, moreover, is not convinced that the policy underlying this *Henderson*

7    factor is "clearly outweighed" by Defendants' other arguments. (ECF No. 73-1 at 7.) As

8    to judicial economy, this case does not present such a significant burden on the Court that

9    dismissal is called for at this time. Rather, having invested a substantial amount of time at

10   the pleading stage, the Court is not inclined to dismiss the action now.

11         Second, Defendant's claim that "Plaintiff has not taken any affirmative steps *in*

12   *support of* his case" is misleading. (ECF No. 73-1 at 5) (emphasis in original). Plaintiff

13   has filed pre-trial motions, (ECF Nos. 2, 5, 10), amended deficient complaints, (ECF Nos.

14   6, 17, 41, 52), responded to Defendants' prior motions, (ECF Nos. 33, 45), attempted to

15   reply to at least some of Defendants' discovery requests, ((ECF No. 73-2, Ex. D, at 18–

16   19), and sat for a deposition with Defendants' counsel. (ECF No. 73-2, Ex. A, at 3–13.)

17   Certainly, Plaintiff's failure to update his address after being released from GBDF has

18   slowed this litigation and prejudiced Defendants. At the same time, it is unreasonable to

19   claim he has essentially done nothing to litigate the action. Thus, the Court does not find

20   that the first or third *Henderson* factors (i.e., expeditiousness of the litigation and

21   prejudice to Defendants) "strongly" support dismissal. (*Cf.* ECF No. 73-1 at 5–7.)

22         Lastly, there are less drastic sanctions available than dismissal. For example, the

23   Court has yet to issue an order to show cause seeking Plaintiff's input as to why the

24   action should not be dismissed. *See Carmichael v. Cty. Of San Diego*, No. 19-CV-01750-

25   GPC, 2020 WL 1890574, at *2 (S.D. Cal. Apr. 16, 2020) (concluding the fifth factor

26   favored dismissal only after "pursu[ing] remedies that are less drastic than a

27   recommendation of dismissal," including the issuance of an order to show cause); *Ervin*

28

18-CV-0010

1 | *v. Bank of Am., N.A.*, No. 2:12-CV-01595-KJM, 2013 WL 1876619, at \*3 (E.D. Cal. May

2 | 3, 2013) (same).

3 | **B. Violation of Civil Local Rule 83.11(b).**

4 | Civil Local Rule 83.11(b) requires pro se litigants to "keep the court and opposing

5 | parties advised as to current address." CivLR 83.11(b). Local Rules have the force of law.

6 | *United States v. Hvass*, 355 U.S. 570, 574–75 (1958). As such, District courts have broad

7 | discretion to enact and apply local rules, including through dismissal of a case for failure

8 | to comply with the local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995);

9 | *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

10 | Here, it appears that Plaintiff has failed to keep the Court and Defendants informed

11 | of his current address. Plaintiff's current address of record is at the George F. Bailey

12 | Detention Facility. Defendants' communications to the Plaintiff at that address have been

13 | returned to sender, including one specifically indicating Plaintiff was "not in jail." (ECF

14 | No. 73-2, Exs. I, J, at 35–38.) Also, the Court's letters to that address have been returned

15 | to sender. (ECF Nos. 67, 68.) And, Plaintiff indicated during a deposition that he

16 | expected to be released from GBDF by March 11, 2020. (ECF No. 73-2, Ex. A, at 8.)

17 | Nonetheless, the Court declines to order dismissal of the FAC for failure to comply

18 | with this rule. Given the ongoing pandemic, and Plaintiff's circumstances, the Court will,

19 | in this instance, treat Plaintiff's failure to update his current address leniently.

20 | **IV.   Conclusion**

21 | For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss for

22 | failure to prosecute. Nonetheless, given this case's recent inactivity, Plaintiff is

23 | **ORDERED TO SHOW CAUSE** in writing, on or before **November 4, 2020**, why this

24 | matter should not be dismissed for failure to prosecute. Failure to timely respond to this

25 | Order may result in dismissal of this action.

26 | **IT IS SO ORDERED.**

27 | Dated:  August 3, 2020

28 | Hon. Gonzalo P. Curiel
United States District Judge

8

18-CV-0010