UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXDER JACOME,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DIMITRIS VLAHAKIS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  18cv10-GPC-MDD<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>[ECF No. 82] |

　　　　Plaintiff Alexander Jacome ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ryan Smith, Kyle McGarvey, Mathew Seitz, James Parent, Habib Choufani, Joshua Linthicum, and Joseph Pirri (collectively, "Defendants").  Plaintiff now moves the Court to appoint counsel because "he is having major difficulty keeping up with his" responsibilities in this action.  (ECF No. 82 at 1).  Plaintiff contends that Sheriff's Deputies are retaliating against him for filing this lawsuit.  (See id. at 1-2).  Plaintiff states that "[a] lot of his legal research request[s] are purposely and obviously incomplete[,] missing a major amount of pertinent pages to this and other actions[,] and [are] returned in a rude [and] untimely manner."  (Id. at 2).  Plaintiff avers that "counsel would preserve this case and put an end to these

unlawful actions." (Id.).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The Court does not find the required exceptional circumstances to appoint counsel.  Plaintiff has demonstrated an ability to articulate his claims in his Fourth Amended Complaint, which withstood a motion to dismiss, and which raise claims that appear relatively straightforward.  (ECF Nos. 52, 66).  Additionally, while Defendants' motion to dismiss Plaintiff's Fourth Amended Complaint was denied, Plaintiff has not demonstrated a likelihood of success on the merits.  (See ECF No. 66); see Garcia v. Smith, No. 10-cv-1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (noting that even if a prisoner's claims survive the defendants' motion to dismiss, it may be "too early to determine the likelihood of success on the merits").

2

Accordingly, the Court DENIES Plaintiff's motion to appoint counsel. See Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015) (noting that a finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'").

IT IS SO ORDERED.

Dated: October 7, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge